IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-07-CR-0047-M |
| | § | NO. 3-08-CV-2060-M |
| JAVIER ANTONIO GUILLEN-REYES | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Javier Antonio Guillen-Reyes, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of illegal re-entry after removal from the United States in violation of 8 U.S.C. § 1326(a) & (b)(2).  Punishment was assessed at 77 months confinement, followed by supervised release for a period of three years.  His conviction and sentence were affirmed on direct appeal.  *United States v. Guillen-Reyes*, 276 Fed.Appx. 390, 2008 WL 1847877 (5th Cir. Apr. 25, 2008), *cert. denied*, 129 S.Ct. 280 (2008).  Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.[1]

---

[1] Defendant originally filed this action as an application for writ of habeas corpus under 28 U.S.C. § 2254.  In a subsequent pleading, defendant clarified that he was challenging the validity of his federal conviction on the ground that it "resulted from an unconstitutional prior conviction in the State of Texas." (*See* Def. Reply, 3/27/09 at 1).  The court therefore treats defendant's writ as a section 2255 motion.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel in connection with his guilty plea because his attorney "abandoned a valid claim of [ ] legal innocence." (*See* Def. Lve. Am. at 2). As best the court can decipher this claim, it appears that defendant was removed from the United States to Honduras following his conviction in Texas state court for burglary of a habitation. In 2007, after defendant illegally re-entered the United States, the burglary victim, Norma S. Canas, wrote a letter recanting a statement she gave the police accusing defendant of committing the offense. Although defense counsel was aware of the letter, he failed to bring this evidence to the court's attention prior to sentencing and, instead, allegedly "coerced" defendant to plead guilty. Defendant believes that he would have been acquitted of the illegal re-entry charge had counsel argued that he was wrongfully deported based on a crime he did not commit.

A.

The threshold issue presented by defendant involves the validity of his guilty plea. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*,

111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

## B.

The record establishes that defendant was properly admonished in accordance with Rule 11. Prior to accepting his guilty plea, the magistrate judge summarized the essential elements of the offense and informed defendant of the range of punishment. (*See* Rearraign. Tr. at 11-13). Specifically, defendant was told that the maximum penalty for illegal re-entry after removal from the United States subsequent to the commission of an aggravated felony is not more than 20 years imprisonment, a fine not to exceed $250,000, or both. (*Id.* at 13). Defendant testified that he understood the elements of the offense and the range of punishment. (*Id.* at 12, 14). Earlier in the hearing, the judge admonished defendant that:

> Should you decide to plead guilty, your plea of guilty must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind. A plea of guilty must be purely voluntary and you should plead guilty only because you are and for no other reason.

(*Id.* at 8). Defendant told the judge he understood that instruction. (*Id.*). The judge then inquired whether anyone had made any promise or assurance to defendant in an effort to obtain his plea of guilty. (*Id.* at 14). Defendant responded, "No, sir." (*Id.*). Finally, the judge asked defendant if he was fully satisfied with the advice and representation provided by counsel. (*Id.*). Defendant

-3-

answered, "Yes, sir."  (*Id.*).  This sworn testimony carries a strong presumption of veracity in a

subsequent habeas proceeding.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629,

52 L.Ed.2d 136 (1977).

     In direct contradiction of his own sworn testimony at the plea hearing, defendant now

contends that his guilty plea was "induced" and "coerced" by counsel's failure to investigate the

validity of his state burglary conviction.  According to defendant, he would have been acquitted of

the illegal re-entry charge had counsel been able to prove that he did not commit the crime for which

he was deported.  Even if this claim survives defendant's voluntary guilty plea, it is without merit.

First, a defendant may not collaterally attack a prior removal order in a prosecution for illegal re-

entry unless:  (1) the removal hearing was "fundamentally unfair"; (2) the hearing effectively

eliminated the right of the alien to challenge the hearing by means of judicial review of the removal

order; and (3) the procedural deficiencies caused the alien actual prejudice.  *See United States v.*

*Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000) (citing cases).  Defendant does not allege, much

less prove, that his removal hearing was unfair in any respect or that he was precluded from

challenging the results of that hearing on judicial review.

     Moreover, the letter from Norma S. Canas, upon which defendant bases his "legal innocence"

claim, falls short of establishing that he did not commit the burglary.  In her letter, which was written

in Spanish and translated into English, Canas states:

> I am the victim of the crime that Javier Guillen Reyes pleaded guilty
> to in March of 1999.  I only lost some paintings and some radio
> speakers.  No one was home when the crime occurred.  Around 9:00
> in the morning I called the Irving Police and I told them that someone
> had robbed my house.  My neighbors told me that they had seen
> Javier's friend taking the paintings, so I thought that Javier had
> participated in the robbery.  When Javier found out that the police

-4-

was looking for him, he took Nora to the place where the guy Manual lived, he was the one that committed the crime and I recovered my pictures and speakers.

(Gov't Resp., Exh. A). Canas goes on to say that she wanted to "take back" what she told the police, that defendant was unfamiliar with the laws of the United States, and that he pled guilty to the burglary charge because his lawyer "had lied to him and told him that he would get probation and would get out[.]" (*Id.*). Other than the uncorroborated assertion made by Canas in her letter, there is absolutely no evidence to suggest that defendant's guilty plea to the burglary charge was the result of ineffective assistance of counsel. Without such evidence, there is no basis for concluding that defendant's plea was involuntary or that his burglary conviction is invalid.[2] This ground for relief should be overruled.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[2] The district court made a similar observation when defense counsel attempted to introduce the Canas letter at sentencing. As the judge stated:

> I'm not going to assume that Mr. Guillen-Reyes did not commit that [burglary] offense. I am not. He pled guilty to it. This woman [Canas] is not here in court presumably to testify. That letter that she wrote has been translated by somebody else. I don't have her to look at. It was eight years ago. I have no evidence that she contacted the police and tried to undo this or anything else. So I--I'm not considering it for any of those purposes.

(*See* Sent. Tr. at 8).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   July 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE